UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | |
|---|---|
| Joshua Gallishaw, #251362,q ) | C/A No.: 3:10-2582-CMC-BM |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **REPORT AND RECOMMENDATION** |
| Mary Williams, State of South Carolina ) | |
| Office of Attorney General; Michael Jordon, ) | |
| State of S.C. Public Defenders Office ) | |
| James Turner, Sumter County Sheriff Dept. ) | |
| Henry McMaster; State of South Carolina ) | |
| Office of Attorney General; and H. Connor, ) | |
| County of Sumter S.C. Solicitor Office in ) | |
| their individual and official capacities, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

This action was originally filed by the Plaintiff, pro se, in the South Carolina Court of Common Pleas, Third Judicial Circuit. The case was subsequently removed to this Court by the Defendants on the grounds that Plaintiff asserts, inter alia, claims of violations of his constitutional rights. Plaintiff is an inmate with the South Carolina Department of Corrections.

The Defendants (except for the Defendant Turner) filed a motion to dismiss pursuant to Rule 12, Fed.R.Civ.P., on October 6, 2010. As the Plaintiff is proceeding pro se, a Roseboro order was entered by the Court on October 13, 2010, advising Plaintiff of the importance of a dispositive motion and of the need for him to file an adequate response. Plaintiff was specifically



- 1 -

advised that if he failed to respond adequately, the Defendants' motion may be granted. Plaintiff thereafter filed a response in opposition to the Defendants' motion on November 17, 2010, to which the Defendants filed a reply memorandum on December 2, 2010.

The remaining Defendant, James Turner, filed a motion to dismiss on December 3, 2010. Plaintiff thereafter filed a response in opposition on December 15, 2010. Out of an abundance of caution, as Plaintiff is proceeding pro se, a second Roseboro order was entered on December 22, 2010, following which Plaintiff filed another response to Turner's motion to dismiss on January 24, 2011.

These motions are now before the Court for disposition.[1]

### Discussion

When considering a Rule 12 motion to dismiss, the Court is required to accept the allegations in the pleading as true, and draw all reasonable factual inferences in favor of the Plaintiff. The motion can be granted only if the Plaintiff has failed to set forth sufficient factual matters to state a plausible claim for relief "on its face". Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). Additionally, the Federal Court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case; See Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972); and as the Plaintiff is proceeding pro se, his pleadings are considered pursuant to this liberal standard. However, the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a Federal claim, nor can the Court assume the existence of a genuine issue of material



---

[1] This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d) and (e), D.S.C. The Defendants have filed motions to dismiss. As these motions are dispositive, this Report and Recommendation is entered for review by the Court.

fact where none exists. <u>Weller v. Department of Social Services</u>, 901 F.2d 387 (4th Cir. 1990).

Plaintiff alleges in his Complaint that the Defendants intentionally committed several "tort wrongs" against him in order to obtain an "unlawful conviction", including gross negligence, abuse of power, libel, slander, perjury, fraudulent misrepresentation, and legal malpractice. Plaintiff alleges that he was convicted of voluntary manslaughter in November 2000, but found out in March 2008 that some forensic evidence had been withheld from him (gunshot residue analysis). Plaintiff indicates that he filed a state application for post conviction relief (APCR), which was denied, and that he also filed a state court lawsuit in March 2009, which was dismissed due to prosecutorial immunity. Plaintiff further alleges that during the course of his prior state court lawsuit he found out that trial prosecutor "Conner" had called Plaintiff's lawyer "Jordan" about Plaintiff being negative for gun residue, but that Jordan had never let Plaintiff know about this evidence. Plaintiff also alleges that the Defendant Turner (an employee of the Sumter County Sheriff's Department) also knew about this evidence, but that the Defendants "all turned a blind eye to this evidence to secure an illegal conviction".

After reciting these facts, Plaintiff asserts his cause of action under the South Carolina Tort Claims Act, alleging gross negligence on the part of "all Defendants" for failing to address the "exonerating evidence". Plaintiff further alleges that the Defendants were negligent for having released the victim from jail when he was not supposed to have been released. Finally, Plaintiff asserts that he has "been denied due process of law and this is cruel & unusual punishment to not give a man rights due to any other man". Plaintiff seeks monetary damages, as well as injunctive release. <u>See</u>, Complaint.

Defendants seek dismissal of this case primarily on the basis of collateral estoppel/res



judicata stemming from Plaintiff's earlier 2009 state court lawsuit, although they also mention other defenses such as immunity. However, it is not clear from a review of the filings in this matter that this case should have ever been removed from state court. While the pro se Plaintiff does reference "due process" and "cruel and unusual punishment" in the body of his Complaint, it is readily apparent that he intended to bring this action as a tort claim under the South Carolina Tort Claims Act. See Complaint; see also Court Docket No. 12 [Objections to Removal]. In any event, to the extent Plaintiff did intend to assert a constitutional claim under § 1983, his claim for damages based on the conduct alleged in the Complaint is barred by Heck v. Humphrey, 512 U.S. 477 (1994), which held that before a Plaintiff can recover damages for an allegedly unconstitutional conviction, or any damages bearing a relationship to a conviction, the Plaintiff must first show that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal courts's issuance of a writ of habeas corpus. Otherwise, any complaint which necessarily implies the invalidity of such a conviction or sentence, if successful, must be dismissed. Such is the case here, as it is clear from the filings in this case that Plaintiff's underlying conviction has not been reversed or otherwise called into question. Heck, 512 U.S. at 486-487. Plaintiff also cannot obtain the injunctive relief he seeks through a § 1983 action. Rather, he would need to seek habeas relief. Reagans v. Vance, 273 F.3d 1099 (5th Cir. 2001).[2] Therefore, to the extent Plaintiff has intended

---

[2] It is noted that Plaintiff has already filed two previous habeas actions in this Court under 28 U.S.C. § 2254. See Gallishaw v. State of South Carolina, Civil Action No. 0:05-2949 [dismissed with prejudice]; Gallishaw v. State of South Carolina, Civil Action No. 9:08-3330 [dismissed without prejudice for successiveness].



to assert federal claims in this lawsuit, those claims should be dismissed without prejudice.[3]

If the Court adopts the recommendation set forth herein with regard to any federal claims Plaintiff had intended to assert, his pendant state law tort claims will be the only claims remaining in this lawsuit. When federal claims presented in a case originally filed in state court are dismissed, any remaining state law claims are ordinarily remanded back to state court for resolution under the general doctrine developed in United Mine Workers v. Gibbs, 383 U.S. 715 (1966). See In Re Conklin, 946 F.2d 306, 324 (4th Cir. 1991); Nicol v. Imagematrix, Inc., 767 F.Supp. 744, 746, 749 (E.D.Va. 1991); Mills v. Leath, 709 F.Supp. 671, 675-676 (D.S.C. 1988); Carnegie-Melon v. Cohill, 484 U.S. 343 (1988); Taylor v. Waters, 81 F.3d 429, 437 (4th Cir. 1996). This doctrine recognizes the state courts's role in determining whether dismissal of state law claims is warranted, and, if such a dismissal were to be denied, that it would be much more appropriate for the state law claims to be considered and tried by the state courts.[4]  Therefore, if the Court adopts the recommendation for dismissal of any federal claims Plaintiff may have asserted in his Complaint, the remaining state law causes of action should be remanded back to state court for disposition. Gibbs, supra.

---

[3]Plaintiff may bring an action under § 1983 for damages at a later date if his conviction is reversed, expunged, declared invalid, or otherwise set aside by a state process. Abrahm v. Jay, No. 94-601, 1994 WL 387873 (N.D.Cal., July 12, 1994) [A dismissal under Heck v. Humphrey "is without prejudice to plaintiff re-raising his claim for damages once a cause of action has accrued."]; Fottler v. United States, 73 F.3d 1064, 1065 (10th Cir. 1996).

[4]It is also noted that, while the Defendants seek to have this Court find that dismissal based on collateral estoppel/res judicata is warranted due to Plaintiff's previous state court case, Defendants have not provided a copy of the state court case on which they base their argument for dismissal, nor has a copy of the state court order been provided for this Court to review.



**Conclusion**

Based on the foregoing, it is recommended that, to the extent Plaintiff intended to assert a federal constitutional claim under § 1983 in this lawsuit, that that claim or claims be **dismissed**, without prejudice, pursuant to Heck v. Humphrey. This case should then be remanded back to state court for disposition of Plaintiff's remaining state law causes of action.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

February 3, 2011
Charleston, South Carolina



- 6 -

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

