IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Joshua Gallishaw, #251262, ) | C/A NO. 3:10-2582-CMC-BM |
| ) | |
| Plaintiff, ) | |
| ) | **OPINION and ORDER** |
| v. ) | |
| ) | |
| Mary Williams, State of South Carolina ) | |
| Office of Attorney General; Michael ) | |
| Jordan, State of S.C. Public Defenders ) | |
| Office James Turner, Sumter County ) | |
| Sheriff Dept.,Henry McMaster; ) | |
| State of South Carolina Office of Attorney ) | |
| General; and H. Connor,County of Sumter ) | |
| S.C. Solicitor Office in their individual ) | |
| and official capacities, South Carolina ) | |
| Department of Corrections, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter is before the court on Plaintiffs' *pro se* complaint which raises claims pursuant to 42 U.S.C. § 1983. This matter was removed to this court pursuant to 28 U.S.C. § 1441(c).

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(d), DSC, this matter was referred to United States Magistrate Judge Bristow Marchant for pre-trial proceedings and a Report and Recommendation ("Report"). On February 3, 2011, the Magistrate Judge issued a Report recommending that to the extent Plaintiff properly asserts constitutional claims under § 1983, these claims should be dismissed without prejudice pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994), and that this court should decline to exercise supplemental jurisdiction over the remaining state law causes of action and this matter be remanded to the Sumter County Court of Common Pleas. The Magistrate Judge advised the parties of the procedures and requirements for

filing objections to the Report and the serious consequences if they failed to do so. Plaintiff filed objections to the Report on February 17, 2011.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

After conducting a *de novo* review as to objections made, and considering the record, the applicable law, the Report and Recommendation of the Magistrate Judge, and Plaintiff's objections, the court agrees with the Magistrate Judge's assessment of this matter. Accordingly, the court adopts and incorporates the Report and Recommendation by reference in this Order.

In his objections, Plaintiff cites two district court cases to support an argument of a Due Process right of access to evidence which he contends was withheld by Defendants and is exculpatory. The relief Plaintiff seeks in his Complaint (in addition to monetary damages) is that he "be granted a hearing concerning the forensic report [or in the alternative] release from prison . . . ." Compl. at 4 (Dkt. #2-1, filed Oct. 4, 2010). This non-monetary relief sought by Plaintiff seeks to undermine the validity of his conviction, and is therefore more correctly pursued in the form of habeas corpus relief. *See Wilkerson v. Dotson*, 544 U.S. 74, 81-83 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or

internal prison proceedings) – if success in that action would necessarily demonstrate the invalidity of confinement or its duration."); *Harvey v. Horan*, 278 F.3d 370 (4th Cir. 2002) (§ 1983 action for injunction no proper manner for state prisoner to present claim of due process violation to prove innocence by retesting DNA).

Therefore, to the extent Plaintiff asserts a § 1983 cause of action for damages, it is dismissed without prejudice. Additionally, to the extent any or all of the federal claims contained in Plaintiff's complaint should be construed as matters more correctly pursued in a petition for relief under 28 U.S.C. § 2254, such claim or claims are dismissed without prejudice, as this court is without jurisdiction to hear them.[1]

The court declines to exercise supplemental jurisdiction over any remaining state law causes of action, and this matter is remanded to the Sumter County Court of Common Pleas.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
February 25, 2011

---

[1] Plaintiff previously filed two petitions for relief under § 2254 in this court. Therefore, absent Plaintiff seeking and received permission from the Fourth Circuit Court of Appeals to file a successive petition, this court is without jurisdiction to entertain issues more properly characterized as arising under § 2254. 28 U.S.C. § 2244(b)(3)(A).